**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marshall Ben,<br><br>                    Plaintiff,<br><br>v.<br><br>Union Pacific Railroad Company; Limon Hospitality, LLC; Bruce Rahmani; et al.,<br><br>                    Defendants. | No. CV-15-02123-PHX-NVW<br><br>**ORDER DISCHARGING PREVIOUS ORDER TO SHOW CAUSE** |

On October 21, 2015, Defendants Limon Hospitality, LLC and Bruce Rahmani filed a Notice of Removal claiming that this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 and that the action is therefore removable pursuant to 28 U.S.C. § 1441(a).  (Doc. 1 at 3.)

On October 29, the Court issued an Order to Show Cause why the action should not be remanded in light of the Notice of Removal's failure to allege subject matter and removal jurisdiction.  (Doc. 7.)  Regarding subject matter jurisdiction, the Court noted that the Notice of Removal (i) did not allege the principal place of business of Defendant Union Pacific Railroad Company and (ii) did not allege the citizenship of every member of Limon Hospitality, LLC.  (*Id.* at 1.)  Regarding removal jurisdiction, the Court noted that (i) the Notice of Removal did not allege Union Pacific Railroad Company's consent to removal, (ii) such consent would now seem untimely, and (iii) in any event the action appears nonremovable pursuant to 28 U.S.C. § 1445(a).  (*Id.* at 1-2.)

On November 4, Limon Hospitality, LLC and Bruce Rahmani filed a Response addressing the Court's concerns. (Doc. 7.) Regarding subject matter jurisdiction, the Response (i) contends that the Notice of Removal's identification of Union Pacific Railroad Company's Nebraska headquarters suffices to allege its principal place of business, and (ii) identifies a Colorado corporation headquartered in Colorado as the sole member of Limon Hospitality, LLC. (*Id.* at 1-2.) These responses satisfy the Court's subject matter jurisdiction concerns.

Regarding removal jurisdiction, the Response points out that the potential defects identified in the Court's order—lack of unanimous consent to removal, untimeliness of such consent, and nonremovability under 28 U.S.C. § 1445(a)—are procedural rather than jurisdictional. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) (lack of unanimous consent); *Smith v. Mylan, Inc.*, 761 F.3d 1042, 1045 (9th Cir. 2014) (untimeliness); *Feichko v. Denver & Rio Grande W. R. Co.*, 213 F.3d 586, 591 (10th Cir. 2000) (nonremovability under 28 U.S.C. § 1445(a)); *accord Vasquez v. N. Cty. Transit Dist.*, 292 F.3d 1049, 1062 (9th Cir. 2002) (nonremovability under 28 U.S.C. § 1445(c)). As a result, the Court may remand for these defects only upon a motion to remand made within thirty days after the filing of the Notice of Removal. 28 U.S.C. § 1447(c); *see also Smith*, 761 F.3d at 1044. No such motion has been made, and the thirty-day window has long passed. Plaintiff is deemed to have waived these objections to removal.

IT IS THEREFORE ORDERED that the Order to Show Cause (Doc. 7) is discharged.

Dated this 18th day of February, 2016.

Neil V. Wake
United States District Judge